JUDGE DAVID BRIONES

FILED
2008 JUN 23 PM 1: 14
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
           DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| GABRIEL GUTIERREZ <br> on behalf of himself and others similarly situated <br> Plaintiff, <br><br> v. <br><br> LVNV FUNDING, LLC, <br> ALEGIS GROUP LLC; <br> RESURGENT CAPITAL SERVICES LP, <br> and JOHN and/or JANE DOES 1-20 <br> Defendant(s) | § § § § § § § § § § § § § Cause No. <br><br> **EP08CA0225** |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff, Gabriel Gutierrez, brings this action against Defendants LVNV Funding, LLC ("LVNV"), Resurgent Capital Services LP ("Resurgent") and Resurgent's general partner, Alegis Group, LLC ("Alegis"), for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and state law.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331 (general federal question), 1337 (interstate commerce) and 1367 (supplemental jurisdiction) as well as 15 U.S.C. §1692k (FDCPA).

3. Venue and personal jurisdiction in this District are proper because Defendants' collection communications and activities occurred within the District, impacted Plaintiff within this District, and Defendants do or transact business within this District.

## PARTIES

4. Plaintiff Gabriel Gutierrez is a natural person who resides in the City of El Paso, County of El Paso, State of Texas, and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant LVNV is a limited liability company organized under Delaware law and does business in Texas. Defendant LVNV's principal place of business is located at 200 Meeting Street, Suite 206, Charleston, SC 29401.

6. Defendant LVNV is engaged in the business of acquiring charged-off debts and attempting to collect upon them.

7. Defendant LVNV states on its Web site, www.lvnvfunding.com, that "LVNV Funding purchases portfolios of both domestic (U.S.) and international consumer debt from credit grantors including banks, finance companies, and other debt buyers. As the new owner of any debt purchased from the original creditor or from another debt buyer, LVNV Funding's name may appear on a customer's credit bureau, or in a letter from a collection agency if the account is delinquent."

8. Defendant LVNV also states on its Web site that "All capital markets and business development activities are handled internally, while the management of purchased assets is outsourced to a third-party specializing in the management of these types of consumer assets, Resurgent Capital Services LP (Resurgent). Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, and has been hired by LVNV Funding to perform these services on its behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in many cases, will outsource the recovery activities to other specialized, licensed collection agencies. If you are a customer, please

direct your inquiries to the firm currently working your account."

9. Defendant LVNV pays an average of less than 10 cents on the dollar for the debts it attempts to collect.

10. Since July 1, 2007, Defendant LVNV has been the Plaintiff in more than 1,000 collection lawsuits in the Texas courts and thousands more in other jurisdictions.

11. Defendant LVNV is a debt collector as defined in the FDCPA.

12. Defendant Resurgent is a limited partnership entity with offices at 200 Meeting Street, Suite 206, Charleston, SC 29401.

13. Defendant Resurgent operates a collection agency.

14. Defendant Resurgent uses the mails and telephones to collect debts originally owed to other entities.

15. Defendant Resurgent also is the Plaintiff in lawsuits.

16. Defendants Resurgent and LVNV are under common ownership and management. Both are part of the Sherman Financial Group. Upon information and belief, based on published news reports, many of the personnel are the same for both entities.

17. Upon information and belief, based on the Resurgent web site, Defendant Resurgent directed the collection activity complained of herein that was taken in the name of Defendant LVNV, including the filing of the lawsuit described below.

18. Defendant Resurgent is a debt collector as defined in the FDCPA.

19. Defendant Alegis Group LLC is a limited liability company chartered under the law of Delaware with its principal place of business located at 200 Meeting Street, Suite 206, Charleston, SC 29401.

20. Defendant Alegis Group LLC is the general partner of Resurgent.

21. The acts of Resurgent are attributable to Alegis Group LLC.

**FACTS**

22. On or about Jan. 24, 2008, Defendant LVNV filed suit against Plaintiff Gutierrez in the 448th District Court, El Paso County, Texas, to collect a purported $6,961.13 credit card debt with an account number 4479482700960788, which Defendant LVNV claimed to have purchased.

23. Plaintiff Gutierrez had nothing to do with any such credit card.

24. Defendant LVNV sued the wrong Plaintiff Gutierrez.

25. Prior to the filing of the lawsuit, and in response to dunning notices and telephone calls from Defendants, Plaintiff Gutierrez had asked for the last four digits of the Social Security Number of the putative cardholder. They were not the same as the Social Security Number of Plaintiff Gutierrez. Plaintiff Gutierrez made a copy of his Social Security card showing the last four digits of his Social Security Number and sent it to Defendants.

26. Notwithstanding the fact that Plaintiff Gutierrez had proven to Defendant LVNV he was not the cardholder, Defendant LVNV proceeded to sue Plaintiff Gutierrez.

27. Upon information and belief, based on a computer search which turned up 700 responsive items, there are hundreds of persons named "Gabriel Gutierrez" in the state of Texas.

28. There was no basis for Defendants to conclude that the Gabriel Gutierrez they sued was the putative cardholder.

29. Attached to the complaint filed against Plaintiff Gutierrez was an "affidavit of account" executed by one Dondrea Robinson. A copy is attached as <u>Exhibit A</u>.

30. Defendants use such affidavits for the purpose of getting default judgments against putative

debtors.

31. Upon information and belief, an "affidavit of account" similar to <u>Exhibit A</u> is attached to every collection complaint Defendant LVNV filed in the state of Texas during the year preceding the filing of this action.

32. The "affidavit of account" is signed by Dondrea Robinson and notarized by Susan Argentieri.

33. The "affidavit of account" nevertheless begins by stating that "Before me, the undersigned authority, on this day personally appeared Dawn Anders, who swore an oath that the following facts are true . . . ."

34. The affidavit then states:

    2. I am an authorized representative of LVNV Funding LLC, and I or a person under my supervision has care, custody, and control of all records concerning the account of Gabriel Gutierrez, the Defendant.

    3. I hereby aver that this claim is within the personal knowledge of the affiant, is just and true, and is due by the Defendant to the Plaintiff and that all just and lawful offsets, payments and credits to this account have been allowed.

    4. These records show that a total principal balance of $6961.13, exclusive of interest, is due and payable by Gabriel Gutierrez, Defendant, to LVNV Funding, LLC, Plaintiff, and demand for payment was made more than thirty days ago. . . .

35. In truth and in fact, none of the Defendants had any original documents or records concerning Gabriel Gutierrez or other persons they sue. Defendants have only a computerized list giving minimal information, such as name, account number, Social Security Number, dates of delinquency, chargeoff and last payment, and some sort of address.

36. In truth and in fact, the affiant on an "affidavit of account" is always an employee of one of

the Defendants, not the original creditor, and does not have personal knowledge that the person sued owes anything to anyone.

37. The "affidavit of account" is a standard form document.

38. The "affidavit of account" is prepared on a mass production basis.

39. The "affidavit of account" is always untrue.

40. Plaintiff incurred actual damages as a result of the practices complained of, in that he was required to hire counsel to defend the case.

41. The state court case was nonsuited in May 2008.

## VIOLATIONS COMPLAINED OF

42. Defendants violated 15 U.S.C. §§1692e, 1692e(2), and 1692e(10) by preparing and using the "affidavit of account."

43. Section 1692e provides:

> § 1692e.   False or misleading representations [Section 807 of P.L.]
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2)   The false representation of--
>
> (A)   the character, amount, or legal status of any debt . . .
>
> (10)   The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

44. The same conduct violated Texas Finance Code § 392.304, which provides:

**§ 392.304. Fraudulent, Deceptive, or Misleading Representations**

(a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

... (8) misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding; ...

45. Defendants misrepresented that the legal status of the debt was that it was vouched for or established by the "affidavit of account," when that was not the case.

### CLASS ALLEGATIONS

46. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

47. The class consists of (a) all individuals (b) sued in Texas by Defendant LVNV, (c) where an "affidavit of account" in the form represented by <u>Exhibit A</u> was attached to the complaint, (d) and the complaint was filed on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

48. The class is so numerous that joinder of all members is not practicable.

49. Upon information and belief, there are at least 100 members of the class.

50. There are questions of law and fact common to the class, which common questions predominate over any questions relating to individual class members. The predominant common questions are:

    a. Whether Defendants routinely file "affidavits of account";

    b. Whether the affiant ever has personal knowledge of the debt;

    c. Whether the affiant ever has meaningful records of the debt.

51. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

52. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

53. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class members and against Defendants for:

   i. Statutory damages;

   ii. Any actual damages that a class member shows;

   iii. An injunction against further violations;

   iv. Attorney's fees, litigation expenses and costs of suit;

   v. Such other and further relief as the Court deems proper.

SCOTT A. VOGELMEIER

Scott A. Vogelmeier
LAW OFFICE OF SCOTT A. VOGELMEIER
1112 Myrtle Avenue
El Paso, TX 79901
(915) 544-3100
(915) 577-0160 (FAX)

James O. Latturner
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**JURY DEMAND**

Plaintiff demands trial by jury.

_____
SCOTT A. VOGELMEIER

# AFFIDAVIT OF ACCOUNT

BEFORE ME, the undersigned authority, on this day personally appeared Dawn Anders, who swore an oath that the following facts are true:

1. My full name is Dondrea Robinson
2. I am an authorized representative of LVNV Funding LLC, and I or a person under my supervision has care, custody, and control of all records concerning the account of Gabriel Gutierrez, the Defendant.
3. I hereby aver that this claim is within the personal knowledge of the affiant, is just and true, and is due by the Defendant to the Plaintiff and that all just and lawful offsets, payments and credits to this account have been allowed.
4. These records show that a total principal balance of $6961.13, exclusive of interest, is due and payable by Gabriel Gutierrez, Defendant, to LVNV Funding LLC, Plaintiff, and demand for payment was made more than thirty days ago.
5. The last payment on this account was made on 3/3/2005 and as such, the statute of limitations has not run on this account.

Further Affiant sayeth not.

*Dondrea Robinson*
Authorized Representative
October 5, 2007

STATE OF South Carolina    )

COUNTY OF Greenville    )

Subscribed and sworn to before me, a Notary Public, this 5th day of October, 2007.

Notary Public

Client Ref No. G131674A

EXHIBIT
A

rev011706