ORIGINAL
FILED
JUL 1 4 2008
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

GABRIEL GUTIERREZ
On behalf of himself and
others similarly situated,

CASE NO.: EP08CA0225

Plaintiff,

Judge David Briones

v.

LVNV FUNDING, LLC,
ALEGIS GROUP LLC;
RESURGENT CAPITAL
SERVICES LP, and JOHN
and/or JANE DOES 1-20,

Defendants.

## ANSWER OF LVNV FUNDING LLC

Defendant LVNV Funding LLC ("LVNV") as and for its Answer to the Complaint of Gabriel Gutierrez ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or qualified herein, and states and alleges as follows:

1. In response to paragraph 1 of Plaintiff's Complaint, LVNV admits that Plaintiff asserts various violations of law and seeks various relief, but LVNV denies that it violated any law and that Plaintiff is entitled to such relief.

2. In response to paragraph 2 of Plaintiff's Complaint, LVNV admits that the statutes referenced confer jurisdiction upon this Honorable Court, but LVNV denies that jurisdiction is appropriate or proper in this matter as there has been no violation of law.

3. In response to paragraph 3 of Plaintiff's Complaint, LVNV denies that venue and personal jurisdiction are proper as to LVNV.

4. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint and therefore denies the same.

5. In response to paragraph 5 of Plaintiff's Complaint, LVNV admits that it is limited liability company organized under the laws of Delaware. LVNV denies all remaining allegations.

6. In response to paragraph 6 of Plaintiff's Complaint, LVNV affirmatively asserts that it acquires charged-off debts. LVNV denies all remaining allegations.

7. In response to paragraph 7 of Plaintiff's Complaint, LVNV admits that the referenced quoted text is contained on its web site.

8. In response to paragraph 8 of Plaintiff's Complaint, LVNV admits that the referenced quoted text is contained on its web site.

9. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. LVNV denies the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13. In response to paragraph 13 of Plaintiff's Complaint, LVNV admits that at times Resurgent operates as a collection agency, upon information and belief.

14. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. In response to paragraph 16 of Plaintiff's Complaint, LVNV admits that it and Resurgent are affiliated, but denies all other allegations.

17. As "directed" is vague and not defined, LVNV is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of Plaintiff's Complaint.

18. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 18 of Plaintiff's Complaint and therefore denies the same.

19. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. LVNV admits the allegations set forth in paragraph 20 of Plaintiff's Complaint, upon information and belief.

21. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 21 of Plaintiff's Complaint and therefore denies the same.

22. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 23 of Plaintiff's Complaint and therefore denies the same.

24. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 24 of Plaintiff's Complaint and therefore denies the same.

25. In response to paragraph 25 of Plaintiff's Complaint, LVNV denies that it communicated in any way with Plaintiff and puts Plaintiff to prove up this unfounded allegation. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

26. LVNV denies the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 27 of Plaintiff's Complaint and therefore denies the same.

28. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. In response to paragraph 29 of Plaintiff's Complaint, LVNV states that the document attached to Plaintiff's Complaint as Exhibit A speaks for itself, while denying said paragraph to the extent, if any, that Plaintiff misstates or otherwise misinterprets said document.

30. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 30 of Plaintiff's Complaint and therefore denies the same.

31. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32. In response to paragraph 32 of Plaintiff's Complaint, LVNV states that the document attached to Plaintiff's Complaint as Exhibit A speaks for itself, while denying said paragraph to the extent, if any, that Plaintiff misstates or otherwise misinterprets said document.

33. In response to paragraph 33 of Plaintiff's Complaint, LVNV states that the document attached to Plaintiff's Complaint as Exhibit A speaks for itself, while denying said paragraph to the extent, if any, that Plaintiff misstates or otherwise misinterprets said document.

34. In response to paragraph 34 of Plaintiff's Complaint, LVNV states that the document attached to Plaintiff's Complaint as Exhibit A speaks for itself, while denying said paragraph to the extent, if any, that Plaintiff misstates or otherwise misinterprets said document.

35. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 35 of Plaintiff's Complaint and therefore denies the same.

36. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 36 of Plaintiff's Complaint and therefore denies the same.

37. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 37 of Plaintiff's Complaint and therefore denies the same.

38. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 38 of Plaintiff's Complaint and therefore denies the same.

39. LVNV denies the allegations set forth in paragraph 39 of Plaintiff's Complaint, upon information and belief.

40. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 40 of Plaintiff's Complaint and therefore denies the same.

41. LVNV has insufficient information and knowledge to either admit or deny the allegations set forth in paragraph 41 of Plaintiff's Complaint and therefore denies the same.

42. In response to paragraph 42 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

43. In response to paragraph 43 of Plaintiff's Complaint, LVNV states that the FDCPA speaks for itself, while denying said paragraph to the extent, if any, that Plaintiff misstates or otherwise misinterprets the FDCPA or case law interpreting the FDCPA.

44. In response to paragraph 44 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

45. In response to paragraph 45 of Plaintiff's Complaint, LVNV denies all allegations against it. To all other extents, LVNV has insufficient information and knowledge to either admit or deny the remaining allegations and therefore denies the same.

46. In response to paragraph 46 of Plaintiff's Complaint, LVNV admits that Plaintiff purports to bring this matter on behalf of a class but denies that any class exists and denies that a class should be certified.

47. In response to paragraph 47 of Plaintiff's Complaint, LVNV denies that any class exists and denies that a class should be certified.

48. LVNV denies the allegations set forth in paragraph 48 of Plaintiff's Complaint.

49. LVNV denies the allegations set forth in paragraph 49 of Plaintiff's Complaint.

50. LVNV denies the allegations set forth in paragraph 50 of Plaintiff's Complaint and all of its sub-parts.

51. LVNV denies the allegations set forth in paragraph 51 of Plaintiff's Complaint.

52. LVNV denies the allegations set forth in paragraph 52 of Plaintiff's Complaint.

53. LVNV denies the allegations set forth in paragraph 53 of Plaintiff's Complaint and all of its sub-parts.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* and Texas law, if applicable, which LVNV denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

Plaintiff's claims are barred by res judicata/collateral estoppel.

### FOURTH DEFENSE

LVNV asserts that Plaintiff's claims are barred, in part or in whole, by the statute of limitations.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrines of laches, estoppel, acquiescence, and waiver.

**WHEREFORE,** LVNV prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against LVNV with prejudice and on the merits; and,

2. Awarding LVNV such other and further relief as the Court deems just and equitable.

Respectfully submitted,

SCANLAN, BUCKLE & YOUNG, PC

_____
David C. Sander
Lead Attorney
Texas Bar No. 00788348
602 West 11th Street
Austin, TX 78701
Tel: 512/478-4651
Fax: 512/478-7750
E-mail: dsander@sbylaw.com
Attorneys for Defendant LVNV Funding, LLC

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Answer was forwarded by certified mail this 11th day of July 2008 to lead counsel of record:

Scott Vogelmeier
Law Office of Scott A. Vogelmeier
1112 Myrtle Avenue
El Paso, TX 79901
Fax 915-577-0160

_____
David Sander

8